# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NORICE D. PATTERSON, | ) | NO. CV 16-3274-PA (KS) |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER: DISMISSING PETITION** |
| | ) | **WITH PREJUDICE** |
| RANDY GROUNDS, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## INTRODUCTION

On May 12, 2016, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition For Writ Of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) On May 16, 2016, the Court warned Petitioner that the Petition was incomplete and defective because, *inter alia*, it failed to clearly state the date of Petitioner's conviction, the length of his sentence, the number, timing, and nature of his state court challenges to his conviction and/or sentence, and the number and nature of his claims for federal habeas relief. (Dkt. No. 3.) As a result of these defects, the Court could not determine whether the Petition was timely and whether Petitioner had a cognizable claim for relief. The Court ordered Petitioner to remedy these defects in a First Amended Petition ("FAP") that was due no later

1

than May 31, 2016.  (*Id.*)  Petitioner subsequently requested four extensions of time to file a First Amended Petition, resulting in Petitioner having until October 19, 2016 to file the FAP. (Dkt. No. 15.)

Despite having more than five months to prepare and file a FAP and being expressly warned that his failure to comply with the Court's October 19, 2016 deadline would result in a recommendation of dismissal, on October 27, 2016, Petitioner sought a fifth extension of time to file a First Amended Petition.  (Dkt. No. 18.)  In response to Petitioner's repeated noncompliance with court orders and failure to diligently prosecute his case, on November 1, 2016 United States Magistrate Judge Karen L. Stevenson filed a Report and Recommendation (the "Report") in which she recommended dismissing the action without prejudice.  (Dkt. No. 21.)  However, the Court suggested that, if Plaintiff filed a First Amended Petition before his deadline for Objections to the Report, the Court might withdraw the Report.  (*Id.* at 4 n.1.)

On November 28, 2016, Petitioner filed an unsigned First Amended Petition.  (Dkt. No. 24.)  Accordingly, on December 12, 2016, the Court issued an Order both withdrawing the Report and Recommendation and notifying Petitioner that the FAP was unsigned and the action subject to dismissal because the Petition was facially untimely.  (Dkt. No. 25.)  The Court ordered Petitioner to show cause for proceeding with his case by filing, no later than January 9, 2017:  (1) a signed signature page for the FAP; and (2) a Response containing specific factual allegations establishing that either the Petition is timely or Petitioner diligently pursued his rights but an extraordinary circumstance prevented him from timely filing the Petition.  (Dkt. No. 25.)  The Court warned Petitioner that his failure to timely comply with the December 12, 2016 Order could result in dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules").  (*Id.*)

On December 21, 2016, Petitioner filed a signed signature page for the FAP but did not file the required Response to the Court's December 12, 2016 Order.  (Dkt. No. 26.) More than two weeks have now passed since Petitioner's deadline for filing a Response to the Court's December 12, 2016 Order, and Petitioner has neither filed the required Response nor otherwise communicated with the Court about his case.

As the Court's December 12, 2016 Order informed Petitioner, Rule 4 of the Habeas Rules requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Habeas Rule 4.  For the reasons set forth below, the Petition must be, and is, DISMISSED as untimely, pursuant to 28 U.S.C. § 2244(d) and Rule 4.

## PRIOR PROCEEDINGS

Petitioner was convicted in June 2004 of five counts of home invasion robbery (California Penal Code ("Penal Code") § 211) and one count of being a felon in possession of a firearm (Penal Code § 12021(a)(1) *recodified at* Penal Code § 29800(a)(1)).  (FAP at 2); *see also People v. Patterson*, No. B177067, 2005 Cal. App. Unpub. LEXIS 5294 (Jun. 20, 2005).  On July 23, 2004, the trial court sentenced Petitioner to a prison sentence of 56 years and 4 months.  (FAP at 2); *People v. Patterson*, No. B177067, 2005 Cal. App. Unpub. LEXIS 5294 (Jun. 20, 2005).  Petitioner appealed to the California Court of Appeal, which vacated Petitioner's sentence and remanded to the trial court for resentencing.  (FAP at 2-3); *People v. Patterson*, No. B177067, 2005 Cal. App. Unpub. LEXIS 5294 (Jun. 20, 2005).  On October 5, 2005, the trial court held a resentencing hearing and reduced Petitioner's aggregate sentence to 43 years in state prison.  *See People v. Patterson*, No. B251202, 2014 Cal. App. Unpub. LEXIS 4510 (Jun. 26, 2014).  Petitioner did not appeal.

3

1         According to Petitioner's filings and the Court's review of the California Appellate

2   Courts website,[1] Petitioner waited more than two years after his resentencing to begin filing

3   state habeas petitions.  First, on February 4, 2008, Petitioner filed a Petition for Writ of

4   Habeas Corpus in the California Court of Appeal, 2nd Appellate District, and the California

5   Court of Appeal denied that petition on February 21, 2008.  *See* Docket (Register of

6   Actions), *Patterson v. The People et al*, No. B205422 (Feb. 21, 2008), *available at*

7   http://appellatecases.courtinfo.ca.gov.  Second, on March 20, 2008, Petitioner filed a Petition

8   for Writ of Habeas Corpus in the California Supreme Court.  *See* Docket (Register of

9   Actions), *Patterson (Norice) on H.C.*, No. S161906 (Aug. 27, 2008), *available at*

10  http://appellatecases.courtinfo.ca.gov.  The California Supreme Court denied that petition on

11  August 27, 2008.  *See id.*

12

13        In July 2013, Petitioner filed in the trial court a "Motion to Vacate the Judgment" and

14  a "Motion for Correction of the Record in the Trial Court," which challenged the trial court's

15  October 5, 2005 resentencing order.  *See People v. Patterson*, No. B251202, 2014 Cal. App.

16  Unpub. LEXIS 4510 (Jun. 26, 2014).  The trial court issued a minute order dated August 7,

17  2013 that indicated it was taking no action with respect to Petitioner's two motions.  *Id.*

18  Petitioner appealed the trial court's decision and contended that the trial court erred by

19  failing to calculate his custody credits at the time of resentencing.  *People v. Patterson*, No.

20  B251202, 2014 Cal. App. Unpub. LEXIS 4510 (Jun. 26, 2014).  On June 26, 2014, the

21  California Court of Appeal held that the trial court's order denying Petitioner's motion to

22  vacate the judgment was not an appealable order but also ordered that the abstract of

23  judgment be corrected to accurately reflect Petitioner's custody credits at the time of

24  resentencing.  *Id.*

25

26

27      [1]    Federal courts may take judicial notice of relevant state court records in federal habeas proceedings.  *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418

28  (2005); *Williams v. Jacquez*, No. CV 09-2703 DSF (DTB). 2010 WL 1329585, at *2 (C.D. Cal. Feb. 22, 2010) (taking judicial notice in § 2254 habeas case of California state court appellate records).

1    The following year, Petitioner filed a Petition for Writ of Habeas Corpus in the Los

2    Angeles County Superior Court.  (Petition at 21.)[2]  On May 27, 2015, the superior court

3    denied the petition on procedural grounds, stating that the petition failed to state a *prima*

4    *facie* case for relief and, *inter alia*, was not timely filed.  (Petition at 21-22; *see also* FAP at

5    3-4.)

6

7    On October 1, 2015, Petitioner filed a Petition for Writ of Habeas Corpus in the

8    California Court of Appeal.  (FAP at 4); Docket (Register of Actions), *In re Norice*

9    *Patterson on Habeas Corpus*, No. B267194 (Oct. 8, 2015), *available at*

10   http://appellatecases.courtinfo.ca.gov.  The California Court of Appeal denied the petition on

11   October 8, 2015, stating, *inter alia*, that Petitioner failed to justify his delay in filing the

12   petition.  *Id.*; (*see also* Petition at 24).

13

14   On January 11, 2016, Petitioner filed a Petition for Writ of Habeas Corpus in the

15   California Supreme Court.  Docket (Register of Actions), *Patterson (Norice) on H.C.*, No.

16   S231751 (Apr. 13, 2016), *available at* http://appellatecases.courtinfo.ca.gov.  The California

17   Supreme Court denied relief on April 31, 2016 with citations to *In re Robbins*, 18 Cal.4th

18   770, 780 (1998) and *In re Dixon*, 41 Cal.2d 756, 759 (1953), indicating, *inter alia*, that the

19   petition was untimely.  *Id.*; *see also Walker v. Martin*, 562 U.S. 307, 313 (2011) ("A

20   summary denial citing . . . *Robbins* means that the petition is rejected as untimely.").  On

21   May 5, 2016, Petitioner constructively filed the instant Petition.  (*See* Petition at 53.)

22   \\

23   \\

24   \\

25   \\

26   \\

27

28

---

[2]    For ease of reference, the Petition and its attachments are cited as though they formed a single consecutively
paginated document.

**DISCUSSION**

**I.      The Statute Of Limitations**

The Petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a federal habeas petition.  28 U.S.C. § 2244(d)(1).  The "statutory purpose" of the one-year limitations period is to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims."  *Carey v. Saffold*, 536 U.S. 214, 226 (2002).

The one-year limitations period set forth in 28 U.S.C. § 2244(d)(1) is subject to a statutory tolling provision, which suspends it for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court.   28 U.S.C.  §  2244(d)(2);  *Patterson v. Stewart*, 251  F.3d  1243,  1247  (9th  Cir.  2001). Additionally, in certain "extraordinary circumstances" beyond a prisoner's control, equitable tolling may be available to toll the one-year limitations period.  *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010).

**II.     The Commencement Date**

The Section 2244(d)(1) limitations period is triggered and begins to run from the latest of:

(A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review;

6

(B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed;

(C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or

(D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner's conviction and sentence became final no later than December 4, 2005 – that is, sixty days after the trial court's October 5, 2005 order reducing Petitioner's sentence to 43 years in state prison. *See Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006); Cal. Rules of Court, Rule 8.308(a). Neither the Petition nor the FAP proposes an alternative commencement date. Accordingly, the statute of limitations commenced running on December 5, 2005 and, absent tolling, elapsed on year later on December 4, 2006. *See Patterson*, 251 F.3d at 1246. Because Petitioner constructively filed his federal petition on May 5, 2016, the Petition is untimely by nearly a decade absent sufficient tolling. (*See* Petition at 53.)

### III.    Petitioner Is Not Entitled To Statutory Tolling.

Section 2244(d)(2) suspends the limitations period not only for the time during which a "properly-filed" application for post-conviction relief is "pending" in state court but also, in appropriate circumstances, "during the intervals between the denial of a petition by one court and the filing of a new petition at the next level, if there is not undue delay." *Biggs v. Terhune*, 339 F.3d 1045, 1046 (9th Cir. 2003); *see also Saffold*, 536 U.S. at 218-27 (holding that, for purposes of California's "original" habeas petition system, "pending" covers the time between the denial of a petition in a lower court and the filing, "within a reasonable

time," of a "further original state habeas petition in a higher court").  Courts in this circuit generally apply a "thirty-to-sixty day benchmark" to determine the reasonableness of a delay in filing a subsequent state petition.  *See Stewart v. Cate*, 757 F.3d 929, 935 (9th Cir.), *cert. denied*, 135 S. Ct. 341 (2014) (citation, internal quotations and footnote omitted).  However, "a habeas petition that is untimely under state law is not 'properly filed.'"  *Curiel v. Miller*, 830 F.3d 864, 869 (9th Cir. 2016) (citing *Pace*, 544 U.S. at 413).  Further, when a petitioner waits to initiate his state habeas proceedings until after the federal statute of limitations has lapsed, statutory tolling is not available.  *See Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) ("Because [the petitioner] did not file his first state petition until after his eligibility for federal habeas had already lapsed, statutory tolling cannot save his claim."); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

In this case, the Petition, the FAP, and the Court's review of the California Appellate Courts website indicate that Petitioner waited to initiate his state habeas proceedings until more than a year after the federal statute of limitations had lapsed.  Petitioner's earliest filed state habeas petition listed on the California state courts website was filed on February 4, 2008 in the California Court of Appeal, 2nd Appellate District.  *See* Docket (Register of Actions), *Patterson v. The People et al*, No. B205422 (Feb. 21, 2008), *available at* http://appellatecases.courtinfo.ca.gov.  Neither the Petition nor the FAP identifies any habeas petition filed prior to February 4, 2008, and Petitioner failed to file a Response to the Court's December 12, 2016 Order to Show Cause regarding the facial untimeliness of the Petition.  Thus, despite having an opportunity to demonstrate that he commenced state collateral review proceedings prior to the expiration of the statute of limitations, Petitioner has not done so.  Accordingly, Petitioner has failed to establish that he is entitled to statutory tolling. *See Laws*, 351 F.3d at 922; *see also Larsen v. Soto*, 742 F.3d 1083, 1088 (9th Cir. 2013) (finding that the petition was facially untimely, because the petitioner did not file his state petition until after the limitations period expired).

**IV.   Petitioner Is Not Entitled To Equitable Tolling.**

The one-year limitations period established by Section 2244(d)(1) may also be equitably tolled in appropriate circumstances. *Holland*, 560 U.S. at 645-49.  However, application of the equitable tolling doctrine is the exception rather than the norm. *See, e.g., Waldron-Ramsey*, 556 F.3d at 1011 (characterizing the Ninth Circuit's "application of the doctrine" as "sparing" and a "rarity"); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases").  A petitioner seeking application of the doctrine bears the burden of showing that it should apply to him. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  Specifically, a habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 645.

Despite receiving an opportunity to argue that he is entitled to equitable tolling, Petitioner did not do so.  Having failed to allege that any circumstance, extraordinary or otherwise, prevented him from timely filing the Petition, Petitioner has failed to carry his burden of showing that the Petition is entitled to equitable tolling.  In the absence of equitable tolling, the Petition is time-barred.

\\
\\
\\
\\
\\
\\
\\
\\
\\

1

2

**CONCLUSION**

3

4       For the foregoing reasons, it plainly appears from the Petition and the FAP that

5   Petitioner is not entitled to relief because the Petition is untimely.   IT IS THEREFORE

6   ORDERED that the Petition is DISMISSED with prejudice.

7       IT IS SO ORDERED.

8

9   DATED:  January 30, 2017

10                                              _____

11                                                  PERCY ANDERSON

                                                UNITED STATES DISTRICT JUDGE

12   Presented by:

13

14       KAREN L. STEVENSON

     UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28